UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS J. BEAL and DONNA J. BEAL, husband and wife,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; AMERICANWEST BANK, as successor to United Security Bank; and FERRY COUNTY, WASHINGTON, a Municipal Corporation,<br><br>　　　　Defendants. | NO. CV-10-0257-EFS<br><br>**ORDER DENYING THE UNITED STATES' MOTION TO STRIKE, GRANTING THE UNITED STATES' DISPOSITIVE MOTION, AND DENYING AS MOOT THE UNITED STATES' MOTION TO STAY** |
| UNITED STATES OF AMERICA,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>THOMAS J. BEAL and DONNA J. BEAL, husband and wife; AMERICANWEST BANK, as successor to United Security Bank; FERRY COUNTY, WASHINGTON, a Municipal Corporation; GE CAPITAL (Formerly TRANSAMERICA CREDIT CORPORATION); CROWN RESOURCES CORPORATION; and TELEVISION ASSOCIATION OF REPUBLIC, WA, INC.,<br><br>　　　　Cross-Defendants. | |

　　Before the Court, without oral argument, are the following motions filed by the United States Department of Agriculture ("United States"):

ORDER \* 1

1) Motion to Dismiss, for Summary Judgment On Cross Complaint, or Default Judgment, ECF No. 29, 2) Motion to Strike Plaintiffs' Answers to Defendant United States of America's Second Amended Answer and Cross Complaint, ECF No. 38, 3) Motion to Strike Plaintiffs' Declaration of Thomas J. Beal and Donna J. Beal in Opposition to Summary Judgment, Plaintiffs' Responses to Statement of Material Facts, and Plaintiffs' Memorandum in Opposition to Motion to Dismiss, for Summary Judgment on Cross Complaint, or Default Judgment, ECF No. 48, 4) Motion to Stay Proceedings Pending Ruling, ECF No. 55, and 5) related Motions to Expedite, ECF Nos. 35, 45, & 58. After reviewing the record and relevant authority, the Court is fully informed. For the reasons that follow, the Court dismisses the Beals' claims against the United States and the United States' counterclaims because the Court lacks subject matter jurisdiction over these claims.

**A.   Background**

Thomas and Donna Beal reside in Curlew, Washington on a large parcel of land, which they farm. Beginning in the 1980s, the Beals entered into a number of financial documents with the United States Farm Service Agency to farm, including a 1983 promissory note in the amount of $186,300.00, which was reamortized on a number of occasions, a 1983 promissory note in the amount of $90,210.00, which was reamortized on a number of occasions, a 1983 promissory note in the amount of $45,000.00, and real estate mortgages in 1987, 1988, and 1989.

On April 29, 1999, the Beals filed for bankruptcy. On November 16, 1999, an Order Confirming Chapter 12 Plan was entered. The Beals made their payments to the United States under the Chapter 12 Plan. However,

ORDER ~ 2

they are unsatisfied with their ability to earn income on their land and contend the United States, AmericanWest Bank, and Ferry County interfered with their ability to earn income from their land, including their ability to enter into contracts with third parties to utilize the land, and thereby make payments as required by the Chapter 12 Plan.

On August 12, 2010, the Beals filed this lawsuit asking the Court to reduce the amount of principal and interest owed by them under the Chapter 12 Plan to the United States and to determine the damages suffered by the Beals as a result of the United States' and other Defendants' failure to assist the Beals in maximizing the land's income-generating potential.  ECF No. 1.  On December 15, 2010, the United States filed a Second Amended Answer and Cross Complaint.  ECF No. 9. A Scheduling Conference occurred on February 7, 2011, setting an October 1, 2012 bench trial.  ECF No. 22.

On May 18, 2012, the United States filed its Motion to Dismiss, for Summary Judgment on Cross Complaint, or Default Judgment.  ECF No. 29. On June 22, 2012, the Beals answered the United States' Second Amended Answer and Cross Complaint.  ECF No. 34.  Then on June 28, 2012, the Beals responded to the United States' dispositive motion.  ECF No. 43. On June 28, 2012, the United States filed motions asking the Court to strike the Beals' untimely answer, ECF No. 34, and documents, ECF Nos. 41, 42, & 43, filed in response to the dispositive motion.  On July 19, 2012, the United States sought a stay of all deadlines pending the Court's ruling on the United States' previously-filed motions.  ECF No. 55.

///

ORDER ~ 3

**A.   Motions to Strike**

The United States asks the Court to strike the Beals' June 22, 2012 Answers to Defendant United States of America's Second Amended Answer and Cross Complaint, ECF No. 34, and the Beals' June 28, 2012 filings: 1) Declaration of Thomas J. Beal and Donna J. Beal in Opposition to Summary Judgment, ECF No. 41; 2) Plaintiffs' Responses to Statement of Material Facts, ECF No. 42; and 3) Plaintiffs' Memorandum in Opposition to Motion to Dismiss, for Summary Judgment on Cross Complaint, or Default Judgment, ECF No. 43.  The Beals oppose the motion, contending 1) there was good cause for them to delay answering the United States' Second Amended Answer and Cross Complaint because the parties were attempting to resolve this lawsuit, and 2) the United States was aware of the Beals' claims and defenses.  In their response, the Beals ask for an extension of time to file their Answer under Federal Rule of Civil Procedure 6(b)(1)(B).  ECF No. 51 at 2.

Rule 6(b)(1)(B) permits the Court to extend a deadline if the requesting party "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The Court is also guided by Rule 60(b) to determine whether the untimely answer should be accepted because the filing of a late answer is analogous to a motion to vacate a default.  *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) ("[T]he filing of a late answer is analogous to a motion to vacate a default because the party filing the last answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside." (internal quotations omitted)).  Rule 60(b)(1) allows the Court to set

ORDER \* 4

aside a judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Whether the Court should accept the Beals' fourteen-month-overdue Answer is a very close question because not only was the answer excessively late but the United States already deposed the Beals and developed a litigation strategy based on the Beals' failure to file a timely answer to the Cross Complaint. Because there is a judicial preference for deciding matters on their merits when possible, the Court elects to accept the untimely Answer. *See Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959) (recognizing judicial policy in favor of resolving a case on its merits). Accordingly, the United States' motion to strike the untimely Answer is denied.

Second, in regard to the Beals' untimely documents filed in response to the United States' dispositive motion, the Court also accepts them. The Beals' counsel indicates that he was unfamiliar with this District's filing requirements and therefore was following the state court filing rules. If counsel participates in a lawsuit in the Eastern District of Washington, he must be familiar with the Local Rules and abide by the requirements set forth in the Court's Scheduling Order. Nonetheless, under the circumstances, the Court denies the United States' motion to strike the responsive documents.

**B.   The United States' Dispositive Motion**

The United States asks the Court to dismiss the Beals' claims against it because the Court lacks subject matter jurisdiction and the Beals' Complaint fails to state a claim upon which relief can be granted

ORDER ∗ 5

and therefore should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

The Court finds it lacks subject matter jurisdiction because 1) the Beals' claims relating to the United States' interference with the Beals' ability to comply with their Chapter 12 Plan must be heard by the Bankruptcy Court, *see* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."), and 2) the Beals' other claims must be heard by the United States Court of Federal Claims pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1). *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."), *and* § 1346(a)(2) (granting exclusive jurisdiction to the United States Court of Federal Claims for civil claims against the United States that exceed $10,000.00). The Beals' claims are founded on the mortgages, promissory notes, security agreements, and financing statements between the Beals and the United States—contracts with the United States. The Beals argue that they are not seeking damages exceeding $10,000.00 from the United States because they are simply seeking an offset, and thus their claims against the United States need not be brought before the United States Court of Federal Claims under § 1346(a)(2). The Court finds otherwise. The Beals seek a ruling that they owe less money to the United States than is required by the Chapter 12 Plan because the amount of interest and principal owed to the United States was incorrectly calculated and the United States hindered their ability to earn income. If the Beals are granted their requested relief,

ORDER ~ 6

1) the amount they owe to the United States will be reduced by more than $10,000.00, and 2) the United States will be required to incur expenses to assist the Beals in fully utilizing their land. Under the circumstances, the Court finds the Beals' claims against the United States qualify as claims against the United States that must be brought before the United States Court of Federal Claims.

For these reasons, the Court lacks jurisdiction to hear the Beals' claims against the United States. Because the Court finds it lacks subject matter jurisdiction, the Court will not address the United States' arguments relating to the Beals' failure to state a claim under Rule 12(b)(6). The Court grants the United States' dispositive motion and dismisses the Beals' claims against the United States, and the United States' counterclaims given that the United States' counterclaims are related to the Beals' claims and therefore the Court likewise lacks subject matter jurisdiction over the counterclaims.

**C.   Motion to Stay**

Because the Court grants the United States' dispositive motion on jurisdictional grounds, the Court denies as moot the United States' Motion to Stay Proceedings Pending Ruling.

**D.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.   The United States' Motions to Expedite, **ECF Nos. 35**, **45**, **& 58**, are **GRANTED.**

2.   The United States' Motion to Dismiss, for Summary Judgment On Cross Complaint, or Default Judgment, **ECF No. 29**, is **GRANTED.** The Beals' claims against the United States and the United States' counterclaims are **DISMISSED**.

ORDER * 7

3.   The United States' Motion to Strike Plaintiffs' Answers to Defendant United States of America's Second Amended Answer and Cross Complaint, **ECF No. 38**, is **DENIED**.

4.   The United States' Motion to Strike Plaintiffs' Declaration of Thomas J. Beal and Donna J. Beal in Opposition to Summary Judgment; Plaintiffs' Responses to Statement of Material Facts; and Plaintiffs' Memorandum in Opposition to Motion to Dismiss, for Summary Judgment on Cross Complaint, or Default Judgment, **ECF No. 48**, is **DENIED**.

5.   The United States' Motion to Stay Proceedings Pending Ruling, **ECF No. 55**, is **DENIED AS MOOT**.

6.   The case caption shall be **AMENDED** to reflect the United States' dismissal.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___30th___ day of July 2012.


                          S/ Edward F. Shea
                          EDWARD F. SHEA
                  Senior United States District Judge

Q:\EFS\Civil\2010\0257.dism.strike.lc1.wpd

ORDER * 8